## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

May 27, 2011

The Honorable Jeff Wentworth
Chair, Select Committee on
    Open Government
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0861

Re: Requirements for real property to qualify as an "ecological laboratory" under section 23.51, Tax Code (RQ-0934-GA)

Dear Senator Wentworth:

You ask whether land qualifies as "an *ecological laboratory*, as this term is used in . . . Tax Code Section 23.51, if a university outlines and implements an ecological laboratory research plan for the property and produces a related annual report[.]"[1]

While most Texas real property is taxed based on market value, the Texas Constitution allows for open-space land devoted to farm, ranch, or wildlife management purposes to be taxed based on its "productive capacity." TEX. CONST. art. VIII, § 1-d-1(a); *Nootsie, Ltd. v. Williamson Cnty. Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex. 1996). The Legislature has defined "qualified open-space land" to include, among other things, "land that is used principally as an ecological laboratory by a public or private college or university." TEX. TAX CODE ANN. § 23.51(1) (West Supp. 2010). You explain that appraisal districts have historically designated land as an ecological laboratory "based on a property-specific ecolab performance report or letter from a university," but that some appraisal districts "no longer maintain this practice." Request Letter at 1. You therefore ask what the requirements are for land "to be certified as exempt under the ecolab designation." *Id.*

The Legislature has not provided a definition for the term ecological laboratory. However, in upholding the constitutionality of Tax Code subsection 23.51(1) against a facial challenge, the Texas Supreme Court suggested that an ecological laboratory must be "devoted to the furtherance of farming and ranching purposes" in order for an ecological laboratory designation to comply with Texas Constitution article VIII, section 1-d-1. *Nootsie*, 925 S.W.2d at 663 (suggesting that studies concerning the preservation and enhancement of native grasses for grazing purposes would promote

---

[1]Letter from Honorable Jeff Wentworth, Chair, Select Committee on Open Government, Texas Senate, to Honorable Greg Abbott, Attorney General of Texas at 2 (Nov. 23, 2010), https://www.oag.state.tx.us/opin/index_rq.shtml ("Request Letter").

ranching and therefore qualify). The statute requires that to obtain an ecological laboratory designation, the land must be used "principally" for that purpose "by a public or private college or university." TEX. TAX CODE ANN. § 23.51(1) (West Supp. 2010).

To have land appraised as an ecological laboratory, the owner of the land "must file a valid application with the chief appraiser," using a form "adopted by the Comptroller of Public Accounts." *Id.* § 23.54(a) (West 2008) ("Application"); 34 TEX. ADMIN. CODE § 9.402 (2011). "The chief appraiser shall determine separately each applicant's right to have his land appraised" as an ecological laboratory. TEX. TAX CODE ANN. § 23.57(a) (West 2008) ("Action on Applications"). We find nothing in the Tax Code to suggest that the research plans and annual reports to which you refer must be used by an appraiser to certify such a designation. However, nothing in the Tax Code prevents a chief appraiser from using those documents to grant an ecological laboratory exemption.

A university ecological laboratory research plan and related annual report could support an ecological laboratory designation if they prove that the land is used as constitutionally and statutorily required. The Legislature has instructed chief appraisers to consider "the application and all relevant information" before determining whether land qualifies for the exemption. *Id.* § 23.57(a). Thus, the chief appraiser must evaluate the claimant's application and any additional relevant information to determine whether the designation will apply in a specific instance.

## S U M M A R Y

Nothing in the Tax Code suggests that a chief appraiser is required to rely upon a university ecological laboratory research plan and related annual report to qualify land as an ecological laboratory under Tax Code section 23.51. However, nothing in the Tax Code prohibits the chief appraiser from relying on these materials to make his determination. The chief appraiser must evaluate the claimant's application and any additional relevant information to determine whether the designation will apply in a specific instance.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee